UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER PHILLIP WILLIAMS

    Plaintiff,

v.                              Case No. 3:21cv684-MCR-HTC

R. LAMBETH and C. JONES,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Christopher Williams commenced this action by filing a *pro se* civil rights complaint (ECF Doc. 1) seeking to assert claims under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.2(C). Upon consideration, the undersigned recommends this action be DISMISSED as malicious for Plaintiff's failure to disclose his complete litigation history and failure to state a claim.

## I.    BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa C.I."). He brings this action against two Santa Rosa C.I. officers, Defendant Lambeth and Defendant Jones, based on Defendants' alleged improper handling and improper

cataloging of his personal property when he was placed on property restriction.  ECF Doc. 1 at 5.  Specifically, Plaintiff claims Defendants carelessly marked his prayer beads as a necklace, failed to catalog all of his personal property, and lost his photos, letters, radio, and headphones.  *Id*.

Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted (ECF Doc. 3).  Although the Court determined Plaintiff could proceed *in forma pauperis*, without prepayment of the entire filing fee, the Court ordered Plaintiff to pay an initial partial filing fee of $10.97.  *Id*.  Plaintiff, however, did not pay that fee within the time ordered, resulting in the Court issuing a show cause order to the Plaintiff.  ECF Doc. 4.  Plaintiff responded to that show cause order by stating that he no longer had the funds in his account to pay the fee.

The Court calculated the fee was based on Plaintiff's six-month inmate account statement, which had an ending balance at that time of $99.88.  ECF Doc. 2.  According to the statement, Plaintiff received four (4) large deposits in the amounts of $89.00, $40.00, $50.00, and $150.00, during the six months prior to the filing of the complaint.  *Id*. at 5-6.  The fact that Plaintiff may no longer have the funds in his account to pay the partial filing fee does not obviate his obligation to do so.  Rather, Plaintiff must "explain [the] withdrawals from his account."  *Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983).  Such an explanation is necessary to

determine whether "an inmate's account has been depleted intentionally to avoid court costs." *Id.* at 656. Indeed, in the undersigned's order assessing the initial filing fee, Plaintiff was expressly warned that "[i]f [he] spends funds that should have been forwarded to the Court . . . his case may be dismissed for nonpayment." ECF Doc. 3 at 3.

As an initial matter, however, the undersigned finds providing such an opportunity to Plaintiff to be unnecessary because even if the undersigned were to allow Plaintiff to proceed without the payment of any partial fee, the undersigned would nonetheless find this action should be dismissed for Plaintiff's failure to disclose and failure to state a claim.

## II.    STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

Dismissals under 28 U.S.C. § 1915A for failure to state a claim are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). The Court reads Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III.   FAILURE TO DISCLOSE

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 10. Despite that declaration, Plaintiff made a false representation regarding his prior legal history.

Specifically, Plaintiff's complaint includes a section about Plaintiff's previous litigation history, which asks "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the condition of your confinement?" *Id.* at 9. The complaint form requires Plaintiff to identify and describe all lawsuits responsive to this question. Plaintiff checked "NO" and did not identify any other lawsuits on this section of the form. *Id.* Thus, Plaintiff swore that, when he signed his complaint on April 18, 2021, he had not filed any prior

actions in federal court challenging his conviction or relating to the conditions of his confinement.

Plaintiff's representation to the Court, however, was not truthful nor accurate. Notably, Plaintiff failed to disclose the following action Plaintiff filed in this District just seven (7) months prior: *Williams v. Wiley*, 3:20cv5788 (N.D. Fla. filed August 30, 2020). That case bears Plaintiff's name and FDOC inmate number, T30442. Additionally, in that case Plaintiff sought to sue prison officials for alleged claims of excessive force.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior civil cases may result in the dismissal of this case.**" ECF Doc. 1 at 13. Nonetheless, Plaintiff made a false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV.    FAILURE TO STATE A CLAIM

As a separate and independent ground for dismissal, Plaintiff also fails to state a claim for which relief can be granted. First, Plaintiff seeks relief for Defendants' failure to "follow non[e] of the procedures" and to "do the[ir] job". ECF Doc. 1 at 7. Defendants' failure to follow FDOC procedure, however, even if true, does not

rise to the level of a constitutional violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *see also Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (no federally protected interest in mere procedures because process is not an end in itself).

Second, Plaintiff's complains of the alleged deprivation of personal property. Property interests, however, are created and defined by state law rather than the Constitution. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). They are not fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262–63 ("[N]on–legislative deprivations of state-created rights . . . cannot support a substantive due process claim."); *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

With regard to the procedural component of the Due Process Clause, *Parratt v. Taylor*, 451 U.S. 527, 541–44, 101 (1981), "and its progeny hold that a deprivation of liberty or property is not cognizable under Section 1983 when a state's post-

deprivation remedies are adequate to protect a victim's procedural due process rights." *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Thus, even if the Court were to accept as true that Defendants failed to properly inventory Plaintiff's property, resulting in certain property going "missing," Plaintiff's claim would still be foreclosed because Plaintiff has "a meaningful post deprivation remedy for the loss." *Hudson*, 468 U.S. at 533 (footnote omitted). Post-deprivation procedures satisfy due process for unauthorized deprivations by state actors, whether intentional or negligent, because the state cannot know in advance of the deprivation and therefore cannot provide pre-deprivation process. *Id.* at 534.

The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1). The existence of section 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property. There is no indication that Florida's statutory scheme or the administrative process is not adequate. Thus, Plaintiff cannot state a claim for relief against Defendants. *See Smith v. Jones*, No. 3:16CV509/LAC/EMT, 2016 WL 7868773, at *2 (N.D. Fla. Dec. 20, 2016), *report and recommendation adopted*, No. 3:16CV509/LAC/EMT, 2017 WL 253984 (N.D.

Fla. Jan. 19, 2017) (similarly analyzing *Hudson* and section 768.28 and holding "due process claims concerning the damage to and loss of items of [Plaintiff's] personal property are foreclosed in this § 1983 action"); *Lauderdale v. Tucker*, No. 5:13CV168-WS, 2013 WL 3441025, at *4 (N.D. Fla. July 9, 2013) (analyzing same and noting "[b]ecause plaintiff has access to an adequate post-deprivation remedy, he cannot state a plausible claim that defendants' unauthorized negligent, willful and intentional acts resulting in the loss or deprivation of his property violated the Constitution").

## V.    CONCLUSION

It is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2.    The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 21st day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.